United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE GRAY PANTHERS OF SAN FRANCISCO, et al.,

    Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

No. C 09-2307 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendants Arnold Schwarzenegger, Governor of California ("Schwarzenegger"), and Bill Lockyer, Treasurer of the State of California ("Lockyer"), for an order dismissing them from the above-entitled action.[1] Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion. The dismissal is without leave to amend, as the court finds that amendment would be futile.

    The background of the case is as set forth in the court's order denying plaintiffs' motion for preliminary injunction, filed concurrently with the present order. Briefly, plaintiffs bring a challenge California Welfare & Institutions Code § 14131.10(b)(1), which eliminates

---

[1] The present motion to dismiss was filed by four of the original six defendants – Arnold Schwarzenegger, Kim Belshé, Bill Lockyer, and Michael Genest. Plaintiffs subsequently dismissed Belshé and Genest from the case.

certain optional Medicaid services in the State of California, and which was enacted by the California Legislature in 2009 as part of ABX3 5.

The first and second causes of action in the first amended complaint ("FAC") seek to enjoin implementation of the cuts mandated by § 14131.10 on the ground that the cuts are preempted by the "purposes" clause of the federal American Recovery and Reinvestment Act of 2009 ("ARRA"), ARRA § 5000(a), and that the proposed cuts are also preempted by ARRA § 5001(f)(1), which prohibits the deposit of any amounts attributable to ARRA's enhanced Federal Medical Assistance Percentage ("FMAP") into a state reserve or "rainy day" fund. The third cause of action has been dismissed, and the fourth cause of action seeks, in the event that injunctive relief is denied, a declaration that § 14131.10 is contrary to and is preempted by ARRA.

Plaintiffs seek relief in this action not only against David Maxwell-Jolly, the Director of the California Department of Health Care Services ("DHCS"), the State agency that is solely responsible for the administration of the Medi-Cal program, and against John Chiang, the Controller of the State of California, but also against Schwarzenegger and Lockyer.

In the FAC, plaintiffs allege that as Governor, Schwarzenegger has duties under the California Government Code to "supervise all executive and administrative officers of the State of California and see that their official duties are performed." FAC ¶ 9. They assert further that under provisions of the Government Code, Lockyer "receives and keeps all moneys of the State of California, and may only pay out State moneys upon warrants drawn by the Controller." FAC ¶ 13. Plaintiffs also allege generally that both defendants bear responsibility for the allegedly wrongful acts of eliminating the discontinued optional services pursuant to the challenged § 14131.10, and allowing "savings resulting to the State from the use of enhanced FMAP funds" to be used as a rainy day fund. FAC ¶ 41.

Schwarzenegger and Lockyer seek an order dismissing the claims asserted against them, pursuant to Rule 12(b)(6) and Rule 12(b)(1). They argue that they are immune from suit under the Eleventh Amendment because they have no direct role in the implementation

of § 14131.10, and that plaintiffs therefore cannot state a claim for injunctive or declaratory relief. They also assert that because plaintiffs cannot allege a sufficient connection with the implementation of § 14131.10, there is therefore no "case or controversy" as required to meet the jurisdictional limitations of Article III of the United States Constitution.

A suit against a state official for prospective injunctive or declaratory relief is barred by the Eleventh Amendment's guarantee of state immunity from suit in federal court unless the official has "some connection with the enforcement of the act." Ex Parte Young, 209 U.S. 123 (1908); see National Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002) (finding action for injunctive and declaratory relief against California Governor and Secretary of Resources barred by Eleventh Amendment in absence of showing that they had requisite enforcement connection to challenged ballot proposition).

Where a plaintiff fails to establish an official's connection with the allegedly wrongful act, the suit merely makes the official a party as a representative of the state, constituting in effect an attempt to make the state a party. Ex Parte Young, 209 U.S. at 157. The official's connection required to overcome Eleventh Amendment immunity "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Snoeck v. Brussa, 153 F.3d 984, 986 (9th Cir. 1998) (citation and quotation omitted).

Here, the FAC does not allege facts showing that either Schwarzenegger or Lockyer has any direct connection with the enforcement of § 14131.10. The allegation that Schwarzenegger has the duty to "supervise all executive and administrative officers of the State of California and see that their official duties are performed" simply asserts that Schwarzenegger has general supervisory power over the persons responsible for enforcing provisions of the Medi-Cal program. Such general responsibilities are insufficient under the Eleventh Amendment. Were it otherwise, a state governor would be subject to suit in every case in which a plaintiff in his or her state seeks prospective injunctive or declaratory relief against an official in that state.

Similarly, the allegation that Lockyer has certain responsibilities with respect to State

3

finances and payments does not state any facts that would establish that Lockyer has a direct connection with the enforcement of § 14131.10, or any responsibility regarding the disposition of amounts attributable to the enhanced FMAP reimbursements attributable to ARRA. Lockyer's responsibilities, as State Treasurer, to "receive and keep" State funds and to pay out funds on warrants issued by the Controller have nothing to do with enforcing reductions to optional Medi-Cal benefits or determining whether to place State funds into a reserve. Cal. Gov't Code §§ 12320, 12324. Thus, Lockyer has no direct connection to the implementation or enforcement of § 14131.10.

Moreover, DHCS is the "single state agency" designated as the agency responsible for administering the Medicaid program in California. See Cal. Welf. & Inst. Code §§ 10740, 14000, et seq. Other agencies are barred by the "single state agency" requirements from having any discretionary authority over enforcement of § 14131.10 and the disposition of federal Medicaid enforcement. See 42 C.F.R. § 431.10(e); San Lazaro Ass'n, Inc. v. Connell, 286 F.3d 1088, 1092-93 (9th Cir. 2002) (single state agency under Medicaid is barred from delegating administrative discretion in administration or supervision of state Medicaid plan).

In their opposition to the motion, plaintiffs contend that Schwarzenegger has the requisite direct connection with the alleged injury because, as Governor, he approved (or did not veto) ABX3 5. Thus, plaintiffs assert, Schwarzenegger "created" or "enacted" § 14131.10, and thereby caused the injury alleged. They also assert that he is the very officer of the State over whom the court must have personal jurisdiction in order to effect the requested injunctive relief.

However, the signing of the bill does not show a connection with the enforcement of § 14131.10, which is the act that is at issue. See, e.g., Sweat v. Hull, 200 F.Supp. 2d 1162 (D. Ariz. 2001) (Arizona governor's general authority to execute laws and her action of signing a particular piece of legislation that repealed an emissions testing program were insufficient to establish a connection with the enforcement of the state implementation plan that included the testing program).

4

Plaintiffs assert further that per California Government Code § 12012, the Governor of California is the sole, official organ of communication between the State government and the government of the United States. Again, however, this general provision in the California Government Code fails to establish that Schwarzenegger has sufficient direct connection with the enforcement of § 14131.10.

Plaintiffs also contend that under ARRA, the Governor of a state that receives the enhanced FMAP funds is required, no later than 45 days after the date of enactment of ARRA, to certify that the state will request and use funds provided by ARRA (citing Sec. 1607 of Title XVI of Division A of ARRA). However, this section of ARRA is not at issue in this case. Moreover, the certification, which was provided by California months ago (in March 2009) has no connection with enforcing § 14131.10, nor does it establish that an injunction against the Governor would provide any part of the relief sought by plaintiffs in this action.

As to Lockyer, plaintiffs assert only that "the Treasurer is also an indispensable party due to the fact that he has the power to deliver funds from the Treasury of the State, if the defendants are ordered to restore the 9 Medicaid programs in question, to the State's Medicaid program" and that Lockyer "therefore cannot be dismissed from the case."

Plaintiffs fail to demonstrate that Lockyer has any connection with enforcement of § 14131.10. While plaintiffs appear to be suggesting that the Treasurer may refuse to release funds if the court issues the requested injunction, but the Controller issues a warrant for payment of state funds that contravenes the court's order, the court notes that under the California Constitution, a warrant from the Controller is required before state funds may be released. "[M]oney may be drawn from the Treasury only through an appropriation made by law and upon a Controller's duly drawn warrant." Cal. Const. art. XVI, § 7. However, the Treasurer is <u>required by law</u> to release funds upon a warrant issued by the Controller. Cal. Gov't Code § 12324 ("The Treasurer shall pay warrants drawn by the Controller except warrants canceled pursuant to law.").

Because the court finds that Schwarzenegger and Lockyer must be dismissed

5

because they are immune from suit under the Eleventh Amendment, the court finds it unnecessary to also address the second ground for the motion to dismiss – that there is no "case or controversy" as required under Article III for the exercise of jurisdiction.

The date for the hearing on the motion, previously set for Wednesday, September 2, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: September 1, 2009

PHYLLIS J. HAMILTON
United States District Judge